IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| OSCAR ENRIQUE PARRA | : | |
| KARI LYN PARRA, | : | CASE NO. 1:19-bk-02858 |
|     Debtors | : | |
| | : | |
| OSCAR ENRIQUE PARRA | : | |
| KARI LYN PARRA, | : | |
|     Movants | : | |
| v. | : | |
| PORTFOLIO RECOVERY | : | OBJECTION TO CLAIM # 15 |
| ASSOCIATES LLC, | : | |
|     Respondent/Claimant | | |

## OBJECTION TO PROOF OF CLAIM #15

COME NOW the Debtors, by and through attorney Dorothy L. Mott, Esquire and make this Objection to Creditor's claim filed in the above–captioned bankruptcy proceeding, stating in support there of as follows:

    1. The Debtors filed a Chapter 13 bankruptcy proceeding on 7/2/2019.

    2. The Respondent, PORTFOLIO RECOVERY ASSOCIATES LLC, filed an unsecured claim on or about September 10, 2019 in the amount of $667.79.

    3. Federal Rule of Bankruptcy Procedure 3001(c) requires that 'when a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or damaged, a statement of the circumstances of the loss or destruction shall be filed with the claim.'

    4. The creditor's claim is based on a writing, and the documents, if any, attached to the proof of claim do not include the original or a copy of such writing, or a statement of the circumstances of the loss or destruction, if any, of the writing.

    5. Rule 3001(c)(2)(A) requires an itemized statement showing all applicable interest, fees, expenses, and/or charges be filed with the proof of claim.

6. Without the required documentation attached to the claim, Debtor's counsel cannot ascertain whether the Claimant is entitled to collect the claim; whether the claim amount is correct; and which state's statue of limitations applies.

7. If the applicable statute of limitations is Pennsylvania, then the Claimant's claim is beyond the statute of limitations for collection.

8. The Debtor believes that the claim is beyond the statute of limitations for collection and may be overstated, but without further documentation cannot determine the validity of the claim. The attachment to the proof of claim indicates that the last payment on the account was made on October 24, 2014 and the obligation was charged off on May 29, 2015.

9. The claim should be disallowed because the claim is beyond the statute of limitation for collections.

WHEREFORE, the Debtors hereby request that this Honorable Court enter an order

1. Disallowing and dismissing the claim; and

2. Precluding the Claimant from presenting the omitted information as evidence in any contested matter or adversary proceeding pursuant to Rule 3001(c)(2)(D)(i); and

3. Granting such other relief as this Court deems just.

Respectfully submitted,

/s/ Dorothy L. Mott
_____
Dorothy L. Mott, Esquire
125 State Street
Harrisburg, PA 17101
717.232.6650 Tel
717.232.0477 Fax
doriemott@aol.com

LOCAL BANKRUPTCY FORM 3007-1
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| OSCAR ENRIQUE PARRA | : | |
| KARI LYN PARRA, | : | CASE NO. 1:19-bk-02858 |
|     Debtors | : | |
| | : | |
| OSCAR ENRIQUE PARRA | : | |
| KARI LYN PARRA, | : | OBJECTION TO CLAIM # 15 |
|     Objectors | : | |
| | : | |
| PORTFOLIO RECOVERY | : | |
| ASSOCIATES LLC, | : | |
|     Respondent/Claimant | : | |
| | : | |

**************************************************************************
**TO:PORTFOLIO RECOVERY ASSOCIATES LLC ("Claimant")**

**NOTICE OF OBJECTION TO CLAIM AND DEADLINE TO REQUEST HEARING DATE**
Oscar Enrique Parra has filed an objection to the proof of claim you filed in this bankruptcy case.

**NOTICE: Your claim may be reduced, modified, or eliminated.** You should read this notice and the objection carefully and discuss them with your attorney, if you have one.

If you do not want to the court to enter an order affecting your claim, then on or before October 10. 2019, (30 days from the date of service), you or your lawyer must file a request for hearing or a written response to the objection explaining your position.

Those not permitted to file electronically must deliver any request for hearing or response by U.S. mail, courier, overnight/express mail, or in person at: (select the appropriate address)

Ronald Reagan Federal Building
228 Walnut Street Rm 320
Harrisburg, PA 17101

If you mail your request for hearing or response to the court, you must mail it early enough so the court will receive on or before the date stated above.

You must also send a copy of your request for hearing or response to:
Dorothy L. Mott, Esquire

Mott & Gendron Law
125 State Street
Harrisburg, PA 17101
717. 232.6650 Tel
717.232.0476 Fax
doriemott@aol.com

**If you or your attorney do not take these steps, the court may decide that you do not oppose an order affecting your claim. Attorney for Objector**

                                                                     /s/ Dorothy L. Mott
                                                                      Dorothy L. Mott Law Office, LLC
                                                                      PA ID:  43568
                                                                      125 State Street, Harrisburg PA 17101
                                                                      717. 232.6650 Tel
                                                                      717.232.0476 Fax
                                                                      doriemott@aol.com

       Date of Notice:  September 10, 2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| OSCAR ENRIQUE PARRA | : | |
| KARI LYN PARRA, | : | CASE NO. 1:19-bk-02858 |
|     Debtors | : | |
| | : | |
| OSCAR ENRIQUE PARRA | : | |
| KARI LYN PARRA, | : | |
|     Movants | : | |
| v. | : | |
| PORTFOLIO RECOVERY | : | OBJECTION TO CLAIM # 15 |
| ASSOCIATES LLC, | : | |
|     Respondent/Claimant | | |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on <u>September 10, 2019</u>, I served a copy of the foregoing document(s) electronically or by placing the same in the United States Mail, First Class, postage pre-paid, addressed as follows on the following parties:

| Name and Address | Mode of Service |
|---|---|
| CHARLES J DEHART, III ESQUIRE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036<br>dehartstaff@pamd13trustee.com | Electronically |
| PORTFOLIO RECOVERY ASSOCIATES LLC<br>BK NOTICES<br>PO BOX 41067<br>NORFOLK, VA 23541<br><br>Bankruptcy_Info@portfoliorecovery.com | First Class Mail, Postage Prepaid |

I certify under penalty of perjury that the foregoing is true and correct.
Date: 09/10/2019

                                              /s/Dorothy L Mott
                                              _____
                                              Dorothy L Mott, Esquire
                                              Atty ID #43568
                                              Dorothy L. Mott Law Office, LLC
                                              125 State Street
                                              Harrisburg, PA 17101
                                              (717) 232–6650 TEL
                                              (717) 232-0477 FAX
                                              doriemott@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| OSCAR ENRIQUE PARRA | : | |
| KARI LYN PARRA, | : | CASE NO. 1:19-bk-02858 |
|     Debtors | : | |
| | : | |
| OSCAR ENRIQUE PARRA | : | |
| KARI LYN PARRA, | : | |
|     Movants | : | |
| v. | : | |
| PORTFOLIO RECOVERY | : | OBJECTION TO CLAIM # 15 |
| ASSOCIATES LLC, | : | |
|     Respondent/Claimant | : | |
| | : | |
| | : | |
| | : | |

## **O R D E R**

UPON CONSIDERATION of the Objection to Proof of Claim filed by the Debtors, it is hereby

ORDERED that the claim of the Respondent is disallowed and dismissed; it is further

ORDERED that the Claimant is precluded from presenting the omitted information as evidence in any contested matter or adversary proceeding pursuant to Rule 3001(c)(2)(D)(i)